1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11   VERNELL RAY EVANS,                )
                                        )
12              Petitioner,             )        3:04-cv-0562-ECR-VPC
                                        )
13   vs.                                )
                                        )        **ORDER**
14   E.K. McDANIEL, *et al.*,           )
                                        )
15              Respondents.            )
     _____/

16

17          This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by

18   Vernell Ray Evans, a Nevada prisoner represented by counsel.  This matter comes before the Court

19   with respect to its merits.

20   **I.      Procedural History**

21          On June 9, 1993, a criminal complaint was sworn out against petitioner for various

22   crimes related to the May 1, 1992, murders of Samantha Latrelle Scotti, Lisa Renee Boyer, Steven

23   Lawrence Walker, and Jermaine M. Woods at a Wardelle Street apartment in Las Vegas.  (Exhibit

24   2).[1]  On October 12, 1993, a preliminary hearing was held and Evans was bound over to the district

25

26          [1]  The exhibits referenced in this Order were provided by respondents in support of their motion
     to dismiss and are found in the Court's record at Docket #27-#41 and #44-#45.

court as charged.  (Exhibits 1 and 9).  On November 8, 1993, a criminal information was filed.  (Exhibit 12).  On November 15, 1993, the state filed a notice of intent to seek the death penalty.  (Exhibit 13).  On November 16, 1993, an initial arraignment was held wherein petitioner pled not guilty and waived his right to a speedy trial.  (Exhibit 11).

On August 29, 1994, a jury trial commenced and evidence was presented through September 9, 1994.  (Exhibit 11).  On September 9, 1994, jury retired to deliberate and the following day, returned with guilty verdicts on all counts.  (Exhibits 11 and 79).

On September 26, 1994, through September 27, 1994, the penalty phase of the trial was held.  (Exhibit 11).  The jury returned four verdicts of death on September 27, 1994.  (Exhibit 85).  Sentencing was set for November 3, 1994.  (Exhibit 11).

Sentencing was continued at the request of defense counsel, and on November 9, 2004, petitioner filed a motion for judgment of acquittal notwithstanding the jury verdict, and in the alternative, a motion for new trial.  (Exhibit 87).  The motion challenged the sufficiency of the evidence.  (*Id.*).  On December 1, 1994, the trial court denied petitioner's motion, adjudged him guilty of Counts 1 through V, sentenced petitioner to death for Counts II through V, signed a warrant of execution in open court, and stayed the execution pending direct appeal.  (Exhibit 11).  The judgment of conviction was entered on January 6, 1995.  (Exhibit 95).

On December 13, 1994, counsel was appointed to continue as petitioner's counsel during the direct appeal of his convictions and sentences to the Nevada Supreme Court.  (Exhibit 92).  A notice of appeal was timely filed on December 30, 1994.  (Exhibit 94).  On October 22, 1996, the Nevada Supreme Court issued an opinion denying petitioner's claims on direct appeal.  (Exhibit 103).  Remittitur was issued on July 2, 1997.  (Exhibit 112).

On June 13, 1995, while his direct appeal was still pending, petitioner filed a motion for new trial based on newly discovered evidence.  (Exhibit 98).  Petitioner asserted newly discovered evidence regarding alleged inducements received by various witnesses for the State in exchange for their testimony at trial, and that petitioner was not informed of such inducements so as

2

1   to properly cross-examine the witnesses.  (*Id.*).  The state district court denied the motion on

2   November 12, 1996, and the notice of entry of order was made on November 19, 1996.  (Exhibits

3   126 and 127).  The order was amended on January 7, 1997, with notice of entry of order made on

4   January 9, 1997.  (Exhibit 130).

5          On January 31, 1997, petitioner filed a notice of appeal challenging the amended

6   order denying his motion for new trial.  (Exhibit 131).  On November 20, 1997, the Nevada Supreme

7   Court dismissed the appeal on the motion for new trial.  (Exhibit 136).  The Nevada Supreme Court

8   denied petitioner's two due process claims on the merits and declined to address the claims of

9   ineffective assistance of counsel on direct appeal.  A petition for rehearing was filed by petitioner,

10  which was also denied.  (Exhibits 137 and 138).  Remittitur was issued on April 29, 1998.  (Exhibit

11  139).

12         On May 28, 1998, petitioner filed a *pro per* petition for writ of habeas corpus in the

13  state district court.  (Exhibit 141).  On June 18, 1998, petitioner was appointed counsel for the state

14  habeas proceedings.  (Exhibit 145).  Counsel filed a supplemental habeas petition setting forth 49

15  grounds for relief.  (Exhibit 151).  On November 15, 1999, a hearing was held on the petition, and on

16  February 2, 2000, the district court filed its Findings of Fact, Conclusions of Law and Order denying

17  the petition.  (Exhibit 155).

18         On February 9, 2000, petitioner filed a timely notice of appeal.  (Exhibit 156).

19  Petitioner filed an opening brief setting forth 35 issues.  (Exhibit 157).  Respondents filed an

20  answering brief and petitioner filed a reply brief.  (Exhibits 158 and 159).

21         On July 24, 2001, the Nevada Supreme Court entered its Opinion, affirming in part,

22  reversing in part, and remanding petitioner's judgment of conviction.  (Exhibit 160).  The Court

23  affirmed the district court's decision to forego an evidentiary hearing in the resolution of the petition,

24  upheld petitioner's convictions, but found that petitioner's trial counsel and appellate counsel were

25  ineffective in failing to challenge arguments made by the prosecutor during the penalty phase of the

26  trial.  As a result, petitioner's death sentences were vacated, and the matter was remanded for a new

penalty hearing. (Exhibit 160, at pp. 1-2). Petitioner filed a petition for rehearing, which was denied by the Court. (Exhibit 161 and 162. Remittitur was issued on October 25, 2001. (Exhibit 163).

On December 12, 2001, new counsel were appointed for the proceedings on remand for the new penalty hearing. (Exhibits 165 and 166). On February 4, 2004, the State and petitioner entered into a sentencing agreement wherein the parties stipulated ". . . that [Evans] will be sentenced to a term of life in the Nevada Department of Corrections without the possibility of parole, plus an equal and consecutive term of life in the Nevada Department of Corrections without the possibility of parole for the deadly weapon enhancement, per count" and that all counts are to run consecutive to one another. (Exhibit 195, at p. 1). Additionally, petitioner waived the right to appeal his decision to waive the penalty hearing. (Exhibit 195, at p. 3). The judgment of conviction was entered on March 23, 2004. (Exhibit 196). Therein, petitioner was sentenced as stipulated by the parties in the February 4, 2004, sentencing agreement.

On October 6, 2004, petitioner filed a *pro per* petition for a writ of habeas corpus in this Court. (Docket #6). On January 12, 2005, attorney Marc Picker was appointed to represent petitioner in the instant proceedings. (Docket #10). On October 11, 2005, petitioner, through counsel, filed the amended petition for a writ of habeas corpus. (Docket #19). The amended petition raises 37 grounds for relief. On April 10, 2006, respondents filed a motion to dismiss. (Docket #26). On December 8, 2006, this Court entered an order, granting in part and denying in part, respondents' motion to dismiss. (Docket #49). This Court found Ground 28 of the amended petition to be procedurally defaulted, and found Grounds 13, 23, and 25B to be unexhausted. (Docket #49). On January 18, 2007, petitioner filed a declaration formally abandoning Grounds 13, 23, and 25B. (Docket #52). On June 22, 2007, respondents filed an answer to the remaining grounds of the amended petition. (Docket #57). Although granted leave to file a reply to the answer (Docket #51, at p. 2), petitioner never filed a reply to the answer. The Court now deems this action ripe for disposition on the merits.

**II.      Federal Habeas Corpus Standards**

4

1          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

2  2254(d), provides the legal standard for the Court's consideration of this habeas petition:

3                    An application for a writ of habeas corpus on behalf of a
           person in custody pursuant to the judgment of a State court shall not be
4          granted with respect to any claim that was adjudicated on the merits in
           State court proceedings unless the adjudication of the claim –
5
                    (1) resulted in a decision that was contrary to, or involved an
6          unreasonable application of, clearly established Federal law, as
           determined by the Supreme Court of the United States; or
7
                    (2) resulted in a decision that was based on an unreasonable
8          determination of the facts in light of the evidence presented in the
           State court proceeding.
9

10         The AEDPA "modified a federal habeas court's role in reviewing state prisoner

11  applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

12  given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state

13  court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

14  U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

15  Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

16  indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

17  different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

18  (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

19  694 (2002)).

20         A state court decision is an unreasonable application of clearly established Supreme

21  Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

22  governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

23  principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

24  529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

25  than merely incorrect or erroneous; the state court's application of clearly established federal law

26  must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).

1    In determining whether a state court decision is contrary to, or an unreasonable

2  application of federal law, this Court looks to the state courts' last reasoned decision.  *See Ylst v.*

3  *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th

4  Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

5    Moreover, "a determination of a factual issue made by a State court shall be presumed

6  to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness

7  by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

8  **III.    Discussion**

9    **Ground One (A) and One (B)**

10    Petitioner claims (A) that his " . . .conviction was invalid under the federal and state

11  constitutional guarantees of due process of law, equal protection, and the right to be informed of the

12  nature and cause of a criminal accusation because the charging document prepared by the State did

13  not specifically apprise petitioner of those acts he was alleged to have committed."  Petitioner further

14  claims in Part (B) " . . . ineffective assistance of counsel for failure to challenge the charging

15  document before the trial court or on direct appeal."

16    The Nevada Supreme Court found that "Evans is correct that the information failed to

17  give him adequate notice of the State's theory of aiding and abetting," but the Court concluded that

18  "Evans has demonstrated no prejudice due to the vagueness of the information."  (Exhibit 160, at p.

19  34).  The Nevada Supreme Court determined that there was no evidence of the State varying its

20  theory of the case that Evans let another man into the victims' apartment, and the two, acting

21  together, shot the four victims to death.  (*Id.*)

22    As to Counts II through V of the information, petitioner was informed that he:

23      Vernell Ray Evans, Jr., the Defendant, having
       committed the crimes of BURGLARY (Felony – NRS
24      205.060); MURDER WITH THE USE OF A DEADLY
       WEAPON (Felony – NRS 200.010, 200.030, 193.165) .
25      . . on or about the 1st day of May, . . . did then and there,
       willfully, feloniously, without authority of law and with
26      malice aforethought and premeditation and/or while in
       the commissions of a burglary, kill [Samantha Latrelle

6

1

2

3

> Scotti, Lisa Rene Boyer, Steven Lawrence Walker, and
> Jermaine M. Woods] by shooting into [their bodies]
> with a deadly weapon, to wit: a firearm, said Defendant
> was acting in concert with and aiding and abetting
> another person or other persons in the commission of
> said crimes.

4

5

(Exhibit 12).  References to the Nevada Revised Statutes and to the "aiding and abetting" theory of

6

the State's case are made in the information and provided notice to Evans.  Any lack of specificity of

7

the State's theory of "aiding and abetting" was cured when Evans was present at his preliminary

8

hearing and heard the testimony of Alicia Ventura.  (Exhibit 9, pp. 51-107).  After the preliminary

9

hearing there was no doubt that the State's evidence against Evans was primarily based on the

10

testimony of a four year-old witness' observation that, "Little Ray came with the guns, with real

11

guns, and shot Samantha . . . everybody is dead, everybody" and that "Little Ray and Boogieman

12

Eyes" were the killers.  (Exhibit 9, at pp. 58, 60).  The State's case was based on the testimony of

13

then six-year old Adriana, her excited utterances made to her mother and her neighbors, the Grices

14

and Aaron Sledge, and various admissions made by Evans to third parties.

15

This Court finds that any technical insufficiency with the charging document did not

16

prejudice petitioner at trial, thus petitioner's due process claim regarding vagueness of the charging

17

document is without merit.  The lack of prejudice forecloses petitioner's claim of ineffective

18

assistance of counsel.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Moreover, the factual

19

findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has

20

failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or

21

involved an unreasonable application of, clearly established federal law, as determined by the United

22

States Supreme Court, or that it was based on an unreasonable determination of the facts in light of

23

the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect

24

to Ground One.

**Ground Two**

25

Petitioner claims that his " . . . conviction is invalid under the federal and state

26

constitutional guarantees of due process, equal protection, a fair trial, and a fair sentencing hearing,

1   and effective assistance of counsel due to the admission of the testimony of Adriana Ventura's

2   testimony, because of (A) trial counsel's failure to seek exclusion of the testimony or to request a

3   competency hearing, and (B) because of the trial court's failure to *sua sponte* conduct a competency

4   hearing of Adriana Ventura."  Petitioner further claims that ( C ), "Appellate counsel was ineffective

5   for failing to present this issue on direct appeal."

6           The Nevada Supreme Court considered Evans' claim challenging the failure of trial

7   counsel to seek exclusion of Adriana Ventura's testimony or to request a competency hearing.

8   (Exhibit 160, at pp. 10-13).  The Nevada Supreme Court found that Adriana Ventura was competent

9   to testify and therefore counsel's failure to challenge her competence was not deficient or prejudicial.

10   The Nevada Supreme Court reviewed Adriana's trial testimony and found " . . . she readily admitted

11   whenever she did not know or could not remember something and did not appear to make up

12   information just to answer a question."  (Exhibit 160, at pp. 10-11).  Furthermore, the Nevada

13   Supreme Court noted, "[t]he material facts which Adriana did remember and provide . . . were

14   consistent with the evidence at the crime scene."  (*Id.* at p. 11).  As found by the Nevada Supreme

15   Court, "[a] child's testimony supports a finding of competency if it is clear, relevant, and coherent.

16   Inconsistencies in the testimony go to the weight of the evidence."  (*Id.*).

17           The factual findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. §

18   2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

19   decision was contrary to, or involved an unreasonable application of, clearly established federal law,

20   as determined by the United States Supreme Court, or that it was based on an unreasonable

21   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

22   will deny habeas relief with respect to Ground Two.

23   **Ground Three**

24           Petitioner contends that his "conviction is invalid under the federal and state

25   constitutional guarantees of due process, and equal protection, due to (A) the State's failure to

26   disclose exculpatory and impeachment evidence."  Petitioner claims (B) " . . .trial counsel were

1  [in]effective because they failed to discover this evidence through their own efforts or the efforts of

2  their investigator."  Petitioner alleges that (1) "no information was provided to defense counsel

3  concerning an investigation of Alicia Ventura;" (2) "no reports were provided to defense counsel

4  concerning any continued investigation of Everett Flowers;" (3) "information was not disclosed

5  concerning Samantha Scotti's activities as an informant;" (4) "the prosecutor failed to disclose the

6  fact that Joseph Salley expected to be placed in the federal witness protection program due to his

7  assistance in Evan's prosecution;" and (5) "the failure to disclose information concerning wiretap

8  interception of Evans' telephone calls, which information was used to impeach Evans' defense

9  witnesses."

10  The U.S. Supreme Court has identified three components of a *Brady* violation: (1)

11  favorable evidence that was exculpatory or impeaching (2) was suppressed by the State willingly or

12  inadvertently (3) with resulting prejudice.  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

13  Prejudice is found only when there is a reasonable probability, sufficient to undermine the

14  confidence of the outcome, that had the evidence been disclosed to the defense, the result of the

15  proceeding would have been different.  *U.S. v. Bagely*, 473 U.S. 667, 681-82 (1985).  Speculation

16  about materials in government files does not support a *Brady* claim.  *Phillips v. Woodford*, 267 F.3d

17  966, 987 (9th Cir. 2001).

18  The Nevada Supreme Court considered the merits of sub-claims (1) through (3) and

19  the claim of ineffective assistance of counsel.  (Exhibit 160, at pp. 13-16).  Regarding disclosure of

20  investigations of Alicia Ventura and Everett Flowers, the Nevada Supreme Court found the claims to

21  be speculative without Evans specifically describing any exculpatory information.  The Court further

22  cited the record and noted that the evidence at trial showed that Evans and at least one other person

23  committed the crimes.  The Nevada Supreme Court found that the State did not conceal that it also

24  suspected Everett Flowers and Richard Powell of the murders and Evans presented evidence in his

25  defense that Flowers had a violent relationship with one of the victims, Lisa Boyer, and had

26  threatened to kill her not long before the murders.  The Court found that no specific information

existed that would have only linked other suspects to the Wardelle Street murders, and exclude Evans. Evidence of Adriana Ventura's eyewitness account of the murders and her identification of "Little Ray" or "Uncle Ray" definitively implicated Evans as one of the two gunmen in the Wardelle Street Apartment on May 1, 1992. The apparent lack of any exculpatory information beneficial to Evans supports the Nevada Supreme Court's finding that Evans was not prejudiced by any alleged failure to disclose materials regarding Everett Flowers or Alicia Ventura.

Regarding Samantha Scotti's police informant activities, the Nevada Supreme Court noted that discovery that was allowed on the issue and the district court's finding that the State did not have a list of such activities and did not have a duty to create exculpatory information for the defense where none existed. (Exhibit 160, at pp. 14-15). Petitioner has failed to show that any exculpatory or impeachment evidence would be available from such materials. Petitioner speculates that another suspect may exist in the Wardelle Street murders based on a review of Scotti's police informant activities. A *Brady* violation does not occur when the State does not have the information to disclose.

The Nevada Supreme Court found petitioner's claim of ineffective assistance of counsel to be without merit because he failed to show deficient performance or prejudice.

The Nevada Supreme Court considered the merits of sub-claims (4) and (5). The Court considered petitioner's due process claim that the State failed to disclose an offer of protection which had been made to Joseph Salley, one of the State's witnesses, who had expressed concern for his safety if he testified against Evans. (Exhibit 136). Citing the due process clause of the United States Constitution, the Nevada Supreme Court held newly-discovered evidence warrants a new trial only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (citing *United States v. Bagely*, 473 U.S. 667, 682 (1985)). In denying petitioner's claim, the Court reasoned that Salley had told the State's prosecutor that he was reluctant to testify because his life had been threatened should he do so. By offering to protect Salley, the State was merely removing the powerful negative incentive to testify

10

1    resulting from the threats.  The availability of this information, for petitioner to cross-examine

2    Salley, would have likely resulted in the disclosure of the threats made against Salley.  As a result,

3    the Nevada Supreme Court found that the result of the proceedings would not have been different.

4            Regarding the alleged failure to disclose the existence of recorded telephone

5    conversations between Evans and the two alibi witnesses, the Nevada Supreme Court found that

6    Evans was aware that the telephone conversations took place and that the information was therefore

7    available to him.  Failure to disclose what the defense knows is not a *Brady* violation.  *See Hicks v.*

8    *Collins*, 384 F.3d 204, 220-21 (6th Cir. 2004) (defendant knew what he said and could have advised

9    counsel).  As a result, the State had no duty to disclose Evans' own statements to defense counsel.

10   Additionally, there was no duty to disclose inculpatory evidence under *Brady*.

11           The factual findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. §

12   2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

13   decision was contrary to, or involved an unreasonable application of, clearly established federal law,

14   as determined by the United States Supreme Court, or that it was based on an unreasonable

15   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

16   will deny habeas relief with respect to Ground Three in its entirety.

17       **Ground Four**

18           Petitioner alleges his " . . . conviction is invalid under the federal and state

19   constitutional guarantees of due process, and equal protection, a fair trial, a fair penalty hearing, and

20   the right to be free from cruel and unusual punishment due to (A) the State's failure to provide full

21   and complete discovery concerning Samantha Scotti's actions as a confidential informant; and (B)

22   the ineffective assistance of trial counsel for failure to discover this exculpatory evidence through

23   their own efforts or the efforts of their investigator."  The claims asserted in Ground Four are

24   duplicative of claims relating to Samantha Scotti, discussed above in Ground Three.

25           The Nevada Supreme Court found that the State did not have a list of Samantha

26   Scotti's police informant activities and furthermore had no duty to create exculpatory information for

1   the defense where no such exculpatory evidence existed.  (Exhibit 160, at pp. 14-15).  Petitioner

2   failed to show that any exculpatory or impeachment evidence would be derived from a list of Scotti's

3   informant activities.  Petitioner merely speculates that another suspect may exist in the Wardelle

4   Street murders, based on a review of Scott's informant activities.  No *Brady* violation occurs when

5   the State does not have the information to disclose.

6          The Nevada Supreme Court also found petitioner's claims of ineffective assistance of

7   counsel to be without merit for failing to show deficient performance or prejudice.  Petitioner has

8   failed to rebut the Nevada Supreme Court's findings that no *Brady* violations occurred and that

9   Evans was not prejudiced by any such alleged violations.  Prejudice under *Brady* and *Strickland* are

10  the same, thus if there is no prejudice under *Brady* there can be no prejudice from counsel under

11  *Strickland.  See Brown v. Head*, 272 F.3d 1308, 1316 (11th Cir. 2001).

12         The factual findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. §

13  2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

14  decision was contrary to, or involved an unreasonable application of, clearly established federal law,

15  as determined by the United States Supreme Court, or that it was based on an unreasonable

16  determination of the facts in light of the evidence presented in the state court proceeding.  The Court

17  will deny habeas relief with respect to Ground Four in its entirety.

18         **Ground Five**

19         Petitioner alleges that his "conviction is invalid under the federal and state

20  constitutional guarantees of due process, equal protection, a fair trial, a fair penalty hearing, and the

21  right to be free from cruel and unusual punishment due to (A) the State's failure to provide defense

22  counsel with statements or summaries of statements from the State's witnesses who changed their

23  stories following their initial statements to police officers and (B) trial counsel were [in]effective

24  because they failed to properly investigate the State's witnesses and did not discover that they had

25  changed their stories following the time that they gave statements to police officers."

26         This claim was presented to the Nevada Supreme Court.  (Exhibit 157, at pp. 21-25).

12

1   Petitioner alleged that "[Shirannah] Rice gave inconsistent stories at trial in comparison to those

2   offered in her previous statements and in her grand jury testimony about [Evans'] confession."

3   Petitioner also complained about a letter that Rice presented to the prosecution on the day she was

4   called to testify at the jury trial.  It was also alleged that Tina Jackson testified at trial on two

5   occasions when she was threatened by Evans, whereas it was alleged that she had only previously

6   narrated one such occasion.  Petitioner took issue with the testimony of Joseph Salley, claiming that

7   he had never previously recounted an occasion where he observed petitioner describe the Wardelle

8   Street murders and jump on a table and say that he was a "natural born killer."

9          The Nevada Supreme Court found that petitioner's claim that the State failed to

10   inform him of the various statements was mostly belied by the record.  The Court characterized

11   petitioner's factual allegations as "general" in nature and failed to identify any significant

12   inconsistencies.  (Exhibit 160, at p. 15).  The Court went on to find no deficient performance or

13   prejudice as to petitioner's claim of ineffective assistance of counsel.  (*Id.* at p. 16).

14          The factual findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. §

15   2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

16   decision was contrary to, or involved an unreasonable application of, clearly established federal law,

17   as determined by the United States Supreme Court, or that it was based on an unreasonable

18   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

19   will deny habeas relief with respect to Ground Five in its entirety.

20          **Ground Six**

21          Petitioner alleges that his "conviction is invalid under the federal and state

22   constitutional guarantees of due process, equal protection, his right to confront the witnesses against

23   him, and his right to effective assistance of counsel, because (A) the district court refused to grant a

24   continuance of the trial after defense counsel received notice of a letter presented by one of the

25   State's witnesses during the middle of the witnesses' direct testimony and (B) because trial counsel

26   was thereafter unprepared to properly examine the State's witnesses."

13

1    The Nevada Supreme Court found that any prejudice asserted by petitioner as to this

2   claim was "conclusory" in that he "failed to specify how the cross-examination of any witnesses was

3   inadequate." (Exhibit 160, at p. 30).  The Nevada Supreme Court found the evidence – the letter – to

4   have been properly admitted.  (Exhibit 160, at pp. 30-31).  The factual findings of the Nevada

5   Supreme Court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his

6   burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an

7   unreasonable application of, clearly established federal law, as determined by the United States

8   Supreme Court, or that it was based on an unreasonable determination of the facts in light of the

9   evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to

10  Ground Six.

11      **Ground Seven**

12    Petitioner alleges that his "conviction is invalid under the federal and state

13  constitutional guarantees of due process, equal protection, and effective assistance of counsel, due to

14  the failure of his defense counsel to file many meritorious pretrial motions in order to protect

15  petitioner's right to a fair trial."

16    The Nevada Supreme Court found this claim to be without merit due to petitioner's

17  failure to support the claim with any cogent argument.  (Exhibit 160, at p. 39).  The factual findings

18  of the Nevada Supreme Court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to

19  meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved

20  an unreasonable application of, clearly established federal law, as determined by the United States

21  Supreme Court, or that it was based on an unreasonable determination of the facts in light of the

22  evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to

23  Ground Seven.

24      **Ground Eight**

25    Petitioner alleges that his "conviction is invalid under the federal and state

26  constitutional guarantees of due process, equal protection, and effective assistance of counsel, due to

14

1  the failure of his defense counsel to conduct an adequate pretrial investigation."

2          The Nevada Supreme Court founds this claim to be vague and "failing to include

3  specific factual allegations that, if true, establish prejudice."  (Exhibit 160, at pp. 39-40).  On

4  collateral review, the trial court found that . . . "counsel performed diligently and zealously.  Their

5  conduct of the case was beyond any minimum level of effectiveness.  Defense counsel was given

6  approximately $87,000 to defend the case and over $8,000 was given for investigators."  (*Id.*).  The

7  trial court's observations of defense counsel's conduct directly supports the Nevada Supreme Court's

8  decision that the claim is without merit.  Also, as stated by the Nevada Supreme Court, petitioner's

9  claim alleges various issues that he believes his counsel should have investigated, but he fails to

10 articulate how he was prejudiced by the alleged failure to investigate.  A claim of failure to

11 investigate must show what information would be obtained, and whether, assuming the evidence is

12 admissible, it would have produced a different result.  *See Hamilton v. Vasquez*, 17 F.3d 1149, 1157

13 (9th Cir. 1994).  As found by the state courts, petitioner has not shown how the alleged investigative

14 efforts would have produced a different result.  Moreover, the factual findings of the Nevada state

15 courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of

16 proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable

17 application of, clearly established federal law, as determined by the United States Supreme Court, or

18 that it was based on an unreasonable determination of the facts in light of the evidence presented in

19 the state court proceeding.  The Court will deny habeas relief with respect to Ground Eight.

20         **Ground Nine**

21         Petitioner alleges that he was "deprived of his federal and state constitutional right to

22 due process, equal protection of the laws and a fair trial by an impartial jury by the refusal of the

23 district court to permit individual voir dire of the potential jurors."  The trial court, on post-

24 conviction review, confirmed that Evans' motion for individual sequestered voir dire was permitted

25 for "any of those individuals who present special problems with respect to exposure to pre-trial

26 publicity."  (Findings of Fact, Conclusions, of Law and Order, Exhibit 155, at p. 10).  The Nevada

15

1   Supreme Court affirmed the decision of the trial court on post-conviction review.  (Exhibit 160).

2   Decisions regarding the conduct of voir dire are within the sound discretion of the trial court.

3   *Connors v. United States*, 158 U.S. 408, 413 (1985).  A court's ruling limiting the manner of conduct

4   of voir dire cannot be reversed absent a manifest abuse of discretion.  *Potts v. Georgia*, 493 U.S.

5   876, 878-79 (1989).  Abuse of discretion occurs only when the court's decision is arbitrary or

6   capricious or when it exceeds the bounds of law or reason.  *Oregon Natural Resources Council v.*

7   *Lowe*, 109 F.3d 521, 526 (9th Cir. 1997).  Petitioner has not shown any abuse of discretion nor how

8   he was prejudiced by the voir dire of the various prospective jurors.  The factual findings of the

9   Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his

10  burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an

11  unreasonable application of, clearly established federal law, as determined by the United States

12  Supreme Court, or that it was based on an unreasonable determination of the facts in light of the

13  evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to

14  Ground Nine.

15          **Ground Ten**

16          Petitioner claims that his "conviction is an invalid conviction under the federal and

17  state constitutional guarantees of due process, equal protection, a public trial, freedom from the

18  press, a fair trial, and to meaningful appellate review because (A) the trial court refused to allow

19  portions of the trial to be recorded and (B) trial counsel were ineffective for failing to assure that a

20  proper record was made and that each of petitioner's aforementioned rights were preserved."

21          The trial court, on post-conviction review noted, "[t]he court did not refuse to have

22  the conference in question recorded; these were ordinary bench conferences which are not usually

23  recorded.  (Exhibit 155, at p. 5).  The Nevada Supreme Court affirmed the decision of the trial court

24  finding that Evans "fail[ed] to substantiate his irresponsible claim in any way."  (Exhibit 160, at p.

25  40).  In the state courts, petitioner presented no evidence that he requested to be present at any bench

26  conference or session in chambers.  Petitioner makes no showing of how he was prejudiced when he

16

1  was represented by counsel at all side bars.  The factual findings of the Nevada state courts are

2  presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

3  the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

4  clearly established federal law, as determined by the United States Supreme Court, or that it was

5  based on an unreasonable determination of the facts in light of the evidence presented in the state

6  court proceeding.  The Court will deny habeas relief with respect to Ground Ten.

7     **Ground Eleven**

8        Petitioner alleges that his "conviction is invalid under the federal constitutional

9  guarantees of due process and equal protection due to (A) the admission of material, unreliable

10  evidence concerning petitioner's prior drug use and alleged threats against witness Joseph Salley,

11  Shirannah Rice, Tina Jackson, and others; and (B) Petitioner's counsel were ineffective for failing to

12  demand a hearing prior to admission of this evidence and for failing to object to this prejudicial

13  testimony at trial."

14        Regarding evidence of petitioner's prior drug use, the trial court, on post-conviction

15  review, found only one reference to prior drug use which was only made to provide context to a

16  witnesses' testimony of petitioner's admission.  (Findings of Fact, Conclusions of Law and Order, at

17  Exhibit 155, at p. 20).  The Nevada Supreme Court affirmed the trial court's decision without any

18  specific analysis regarding the admission of evidence relative to petitioner's prior drug use.  (Exhibit

19  160).

20        Regarding the admission of evidence of various witnesses' fear of Evans, the Nevada

21  Supreme Court found that such evidence was properly admitted as to Tina Jackson, but not properly

22  admitted as to Shirannah Rice, Rice's mother, Joseph Salley, and Gregory Robertson.  (Exhibit 160,

23  at pp. 16-18).  Nevertheless, the Nevada Supreme Court concluded that petitioner was not prejudiced

24  by the improperly admitted evidence, and denied the claim for relief.  Federal habeas corpus

25  generally is not available to review questions regarding the admissibility of evidence.  *Estelle v.*

26  *McGuire*, 502 U.S. 62 (1991).  The relevant inquiry is whether the evidence was so prejudicial that

1   its admission violated fundamental due process and the right to a fair trial.  *Fuller v. Roe*, 182 F.3d

2   699, 703 (9th Cir. 1999). The Nevada Supreme Court found that Rice's mother "expressly disclaimed

3   any fears of Evans" and Gregory Robertson "only referred to the general risk of retaliation from

4   other inmates."  As to the expressions of fear by Rice and Salley, the Nevada Supreme Court noted

5   that such expressions were "seriously impeached as Rice continued to live with Evans after the

6   murders.  The Nevada Supreme Court found no prejudice to petitioner.  (Exhibit 160 at pp. 16-18).

7         The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

8   2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

9   decision was contrary to, or involved an unreasonable application of, clearly established federal law,

10   as determined by the United States Supreme Court, or that it was based on an unreasonable

11   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

12   will deny habeas relief with respect to Ground Eleven.

13         **Ground Twelve**

14         Petitioner alleges that his "conviction is invalid under the federal and state

15   constitutional guarantees of due process, equal protection, a fair trial, a fair penalty hearing, effective

16   assistance of counsel and his right to be free from cruel and unusual punishment because (A)

17   Petitioner's counsel elicited prejudicial testimony concerning the fact that petitioner is an ex-felon in

18   the presence of the jury and (B) Appellate counsel was ineffective for failing to present this issue on

19   direct appeal."

20         The trial court, on post-conviction review, found only three passing references to

21   petition's status as an ex-felon, and that petitioner failed to demonstrate both error and prejudice.

22   (Exhibit 155, at p. 21).  The Nevada Supreme Court found " . . . counsel delved into this information

23   based on tactical decisions . . . [and] assuming the decisions were not reasonable . . . the information

24   was not prejudicial.  (Exhibit 160, at p. 41).  The factual findings of the Nevada state courts are

25   presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

26   the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

18

1    clearly established federal law, as determined by the United States Supreme Court, or that it was

2    based on an unreasonable determination of the facts in light of the evidence presented in the state

3    court proceeding.  The Court will deny habeas relief with respect to Ground Twelve.

4              **Ground Fourteen**

5              Petitioner alleges that his "conviction is invalid under the federal and state

6    constitutional guarantees of due process, equal protection, a fair trial, his right to confront witnesses,

7    and his right to be free from cruel and unusual punishment because (A) the State elicited extensive

8    evidence during the trial that the State's witnesses were in fear of petitioner and/or that they were

9    intimidated by him.  (B) There was no evidentiary hearing prior to the introduction of this highly

10   prejudicial testimony.  ( C ) The State did not meet its burden of proving that such testimony was

11   admissible in this case.  (D) Trial counsel was ineffective for failing to properly object to the

12   admission of this evidence.  (E) Appellate counsel was ineffective for failing to present this issue on

13   direct appeal."

14             The issues raised in Ground Fourteen are essentially the same as those raised in

15   Ground Eleven, discussed above.  The Nevada Supreme Court found that evidence of fear was

16   properly admitted as to Tina Jackson, but not properly admitted as to Shirannah Rice, Rice's mother,

17   Joseph Salley, and Gregory Robertson.  (Exhibit 160, at pp. 16-18).  Nevertheless, the Nevada

18   Supreme Court concluded that petitioner was not prejudiced by the improperly admitted evidence,

19   and denied the claim for relief.  Federal habeas corpus generally is not available to review questions

20   regarding the admissibility of evidence.  *Estelle v. McGuire*, 502 U.S. 62 (1991).  The relevant

21   inquiry is whether the evidence was so prejudicial that its admission violated fundamental due

22   process and the right to a fair trial.  *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999). The Nevada

23   Supreme Court found that Rice's mother "expressly disclaimed any fears of Evans" and Gregory

24   Robertson "only referred to the general risk of retaliation from other inmates."  As to the expressions

25   of fear by Rice and Salley, the Nevada Supreme Court noted that such expressions were "seriously

26   impeached as Rice continued to live with Evans after the murders."  The Nevada Supreme Court

1  found no prejudice to petitioner.  (Exhibit 160, at pp. 16-18).  Petitioner's claim that trial counsel

2  failed to properly object and/or appellate counsel was ineffective for failing to assert the instant

3  claim on direct appeal was rendered moot by the Nevada Supreme Court considering the issue on the

4  merits in the appeal from the denial of petitioner's state habeas petition.  Petitioner cannot show any

5  prejudice by trial or appellate counsel and his ineffective assistance claim is without merit.

6          The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

7  2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

8  decision was contrary to, or involved an unreasonable application of, clearly established federal law,

9  as determined by the United States Supreme Court, or that it was based on an unreasonable

10  determination of the facts in light of the evidence presented in the state court proceeding.  The Court

11  will deny habeas relief with respect to Ground Fourteen.

12          **Ground Fifteen**

13          Petitioner alleges that his "conviction is invalid under the federal and state

14  constitutional guarantees of due process, equal protection, a fair trial, his right to confront witnesses,

15  and his right to be free from cruel and unusual punishment because (A) the State elicited hearsay

16  evidence that another person – alleged by the State to be petitioner's co-conspirator – solicited other

17  people to commit the murder of one of the victims in this case, even though this evidence was not

18  admissible under the co-conspirator exception to the hearsay rule.  (B) Trial counsel was ineffective

19  for failing to properly object to the admission of this evidence.  ( C  ) Appellate counsel was

20  ineffective for failing to present this issue on direct appeal."

21          In reviewing this claim, the Nevada Supreme Court acknowledged that it was error to

22  admit Richard Powell's hearsay statement, which was probative to motive, but found the error was

23  harmless.  The Court found that there was other evidence of motive in the case and specifically noted

24  that Shirannah Rice also testified that Evans admitted that he helped kill Scotti because Scotti had

25  informed on Powell.  (Exhibit 160, at p. 9).  Federal habeas corpus generally is not available to

26  review questions regarding the admissibility of evidence.  *Estelle v. McGuire*, 502 U.S. 62 (1991).

20

1   The relevant inquiry is whether the evidence was so prejudicial that its admission violated

2   fundamental due process and the right to a fair trial.  *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999).

3   Petitioner has not shown prejudice.  Petitioner's claim that trial counsel failed to properly object

4   and/or appellate counsel was ineffective for failing to assert the instant claim on direct appeal was

5   rendered moot by the Nevada Supreme Court considering the issue on the merits in the appeal from

6   the denial of petitioner's state habeas petition.  Petitioner cannot show any prejudice by trial or

7   appellate counsel and his ineffective assistance claim is without merit.

8          The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

9   2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

10  decision was contrary to, or involved an unreasonable application of, clearly established federal law,

11  as determined by the United States Supreme Court, or that it was based on an unreasonable

12  determination of the facts in light of the evidence presented in the state court proceeding.  The Court

13  will deny habeas relief with respect to Ground Fifteen.

14          **Ground Sixteen**

15          Petitioner alleges that his "conviction is invalid under the federal and state

16  constitutional guarantees of due process, equal protection, a fair trial, and his right to be free from

17  cruel and unusual punishment because (A) the State elicited evidence concerning prior consistent

18  statements by the State's witnesses without establishing the admissibility of such testimony.  (B)

19  Trial counsel was ineffective for failing to properly object to the admission of this evidence.  ( C )

20  Appellate counsel was ineffective for failing to present this issue on direct appeal."

21          The Nevada Supreme Court found that the State improperly elicited evidence that

22  Shirannah Rice made telephone calls to detectives implicating petitioner in the murders, but found

23  that the evidence was not so prejudicial that there was a reasonable probability of a different result

24  with the testimony.  (Exhibit 160, at p. 19).  Petitioner also asserts that statements attributed to

25  Adriana Ventura were improperly admitted.  The Nevada Supreme Court found the statements were

26  properly admitted as excited utterances under NRS 51.095.  Federal habeas corpus generally is not

available to review questions regarding the admissibility of evidence.  *Estelle v. McGuire*, 502 U.S. 62 (1991).  The relevant inquiry is whether the evidence was so prejudicial that its admission violated fundamental due process and the right to a fair trial.  *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999).  Petitioner has failed to show prejudice.  Petitioner's claim that trial counsel failed to properly object and/or appellate counsel was ineffective for failing to assert the instant claim on direct appeal was rendered moot by the Nevada Supreme Court considering the issue on the merits in the appeal from the denial of petitioner's state habeas petition.  Petitioner cannot show any prejudice by trial or appellate counsel and his ineffective assistance claim is without merit.

The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to Ground Sixteen.

**Ground Seventeen**

Petitioner alleges that his "conviction is invalid under the federal and state constitutional guarantees of due process, equal protection, a fair trial, and his right to be free from cruel and unusual punishment because (A) the State bolstered the credibility of its witnesses prior to any attack of their veracity by defense counsel.  (B) The prosecutor also vouched for the credibility of the State's witnesses throughout closing arguments.  ( C ) Trial counsel was ineffective for failing to properly object to the admission of this evidence.   (D) Appellate counsel was ineffective for failing to present this issue on direct appeal."

The Nevada Supreme Court considered petitioner's claims of improper bolstering and vouching for the credibility of witnesses.  Regarding evidence that was elicited after the defense had attacked the veracity or competency of the State's witness, as with Joseph Salley, the Nevada Supreme Court found it was permissible for the State to counter impeachment of its witness by

22

presenting evidence supporting their credibility.  (Exhibit 160, at p. 19).  Regarding eliciting

evidence from Shirannah Rice and Alicia Ventura that petitioner complains of in the instant petition,

the Nevada Supreme Court found only "a small amount of evidence that may have bolstered Rice's

credibility before the defense impeached her veracity" and found that such evidence had "no effect

on the trial's outcome." (Exhibit 160, at p. 19).  Regarding the alleged vouching by the prosecutor

during closing argument, the Nevada Supreme Court pointed out that the alleged offensive argument

was made during rebuttal closing argument, after defense counsel extensively challenged the quality

of the police investigation and the credibility of the State's witnesses.  (Exhibit 160, at p. 20).  The

Court found that the prosecutor's remarks were a reasonable response to the challenge by defense

counsel.  (*Id.*)

Federal habeas corpus generally is not available to review questions regarding the

admissibility of evidence.  *Estelle v. McGuire*, 502 U.S. 62 (1991).  The relevant inquiry is whether

the evidence was so prejudicial that its admission violated fundamental due process and the right to a

fair trial.  *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999).  Petitioner has failed to show prejudice.

Petitioner's claim that trial counsel failed to properly object and/or appellate counsel was ineffective

for failing to assert the instant claim on direct appeal was rendered moot by the Nevada Supreme

Court considering the issue on the merits in the appeal from the denial of petitioner's state habeas

petition.  Petitioner cannot show any prejudice by trial or appellate counsel and his ineffective

assistance claim is without merit.

The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

decision was contrary to, or involved an unreasonable application of, clearly established federal law,

as determined by the United States Supreme Court, or that it was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding.  The Court

will deny habeas relief with respect to Ground Seventeen.

**Ground Eighteen**

23

1      Petitioner alleges that his "conviction is invalid under the federal and state

2  constitutional guarantees of due process, equal protection, a fair trial, and his right to confront the

3  witnesses against him through meaningful cross-examination due to (A) the failure of the district

4  court to exclude the testimony of Gregory Robertson and due to (B) the failure of petitioner's

5  counsel to anticipate the testimony of several key witnesses and to prepare for their examination.

6  Petitioner also was ( C ) denied his right to effective assistance of counsel at trial and (D) his right to

7  effective assistance of counsel on appeal."

8      The trial court, on post-conviction review, found that ". . . trial counsel did everything

9  possible to exclude Robertson's testimony and cross-examined Robertson as well." (Findings of

10  Fact, Conclusions of Law and Order, at Exhibit 155, at p. 22).  The trial court also found petitioner's

11  claims of ineffective assistance of counsel for failing to prepare for other witnesses belied by the

12  record.  (*Id.*).  In affirming the trial court's decision, the Nevada Supreme Court found that petitioner

13  did not specify how his counsel could have better cross-examined the State's witnesses and thus

14  failed to show how he was prejudiced.  (Exhibit 160, at p. 41).  Petitioner has failed to show

15  prejudice.  Petitioner's claim that trial counsel failed to properly object and/or appellate counsel was

16  ineffective for failing to assert the instant claim on direct appeal was rendered moot by the Nevada

17  Supreme Court considering the issue on the merits in the appeal from the denial of petitioner's state

18  habeas petition.  Petitioner cannot show any prejudice by trial or appellate counsel and his

19  ineffective assistance claim is without merit.

20      The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

21  2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

22  decision was contrary to, or involved an unreasonable application of, clearly established federal law,

23  as determined by the United States Supreme Court, or that it was based on an unreasonable

24  determination of the facts in light of the evidence presented in the state court proceeding.  The Court

25  will deny habeas relief with respect to Ground Eighteen.

26      **Ground Nineteen**

24

1      Petitioner alleges that his "conviction is invalid under the federal and state

2 constitutional guarantees of due process, equal protection, a fair trial, and his right to confront the

3 witnesses against him through meaningful cross-examination due to (A) the failure of counsel to

4 adequately impeach the testimony of Joseph Salley.  (B) Petitioner was also denied his right to

5 effective assistance of counsel because of counsel's failure to properly investigate the background of

6 Joseph Salley and to cross-examine him about his background, inconsistencies in his testimony,

7 benefits he obtained because of his testimony, and other relevant factors."

8      The Nevada Supreme Court, in reviewing petitioner's claim, found that trial counsel

9 were not deficient by failing to impeach Salley with his criminal history, and also found that counsel

10 did confront Salley forcefully with inconsistencies between this testimony and a prior statement.

11 (Exhibit 106, at p. 31-32).  In concluding that a jury could have discounted Salley's testimony,

12 regarding incriminating admissions by petitioner, had they known of Salley's criminal history, "a

13 different result was not reasonably probable" due to the testimony of Shirannah Rice and Tina

14 Jackson, who also testified that petitioner made incriminating admissions about the murders.  (*Id.* at

15 p. 32).

16      Regarding petitioner's claim of trial counsel's failure to investigate the background of

17 Joseph Salley, his claim is simply a reiteration of his claims in Ground Eighteen.  Petitioner has not

18 shown how a better investigation of Salley's background would have yielded any different

19 information for petitioner to use on cross-examination.  The Nevada Supreme Court found that

20 petitioner did not specify how his counsel could have better cross-examined the State's witnesses, or

21 specifically Joseph Salley, thus petitioner has failed to show how he was prejudiced.  (Exhibit 160, at

22 p. 41).

23      The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

24 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

25 decision was contrary to, or involved an unreasonable application of, clearly established federal law,

26 as determined by the United States Supreme Court, or that it was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to Ground Nineteen.

**Ground Twenty**

Petitioner alleges that his "conviction is invalid under the federal and state constitutional guarantees of due process, equal protection, a fair trial, and his right to confront the witnesses against him through meaningful cross-examination due to (A) the failure of defense counsel to adequately impeach the testimony of Alicia Ventura.  (B) Petitioner was also denied his right to effective assistance of counsel because of counsel's failure to properly investigate the background of Alicia Ventura and to cross-examine her about her background, inconsistencies in her testimony, benefits she obtained because of her testimony, and other relevant factors."

The Nevada Supreme Court found ". . . no prejudicial deficiency in the trial counsel's cross-examination of Ventura . . . [and that] the record shows that Ventura testified to most of the facts which Evans claims his counsel failed to elicit."  (Exhibit 160, at p. 31).  On cross-examination, it was established that Alicia Ventura was familiar with many of the people who were referenced throughout the trial.  (Transcript, Exhibit 70, at pp. 856-859).  Evidence was presented to the jury of Alicia Ventura's involvement in moving a safe containing drugs and money, at the direction of Anthony "Ace" Collins, from the Wardelle Street apartment to Dushawn Pitchford's house.  (Transcript, Exhibit 70, at pp. 829-833).  By the admission of this evidence, it was established that Anthony Collins had the ability to communicate with people outside of prison while he was incarcerated, and that Alicia Ventura was involved in handling at least 210 rocks of crack cocaine.  In response to trial counsel's cross-examination, Alicia Ventura admitted to entering the Wardelle Street apartment after the murders for approximately fifteen minutes establishing the opportunity that she could have told other witnesses about the crime scene.  (Transcript, Exhibit 70, at pp. 881-884).  Also, during cross-examination, trial counsel drew attention to prior statements made by Alicia Ventura who admitted to lying to police officers and while under oath before a grand jury.  (Exhibit 70, at pp. 851, 854-856).  The record shows that petitioner's claim is without merit.

1       Moreover, the factual findings of the Nevada Supreme Court are presumed correct.

2   28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme

3   Court's decision was contrary to, or involved an unreasonable application of, clearly established

4   federal law, as determined by the United States Supreme Court, or that it was based on an

5   unreasonable determination of the facts in light of the evidence presented in the state court

6   proceeding.  The Court will deny habeas relief with respect to Ground Twenty.

7       **Ground Twenty-one**

8       Petitioner alleges that his "conviction is invalid under the federal and state

9   constitutional guarantees of due process, equal protection, and a fair trial due to (A) the admission of

10  a letter allegedly written by petitioner that was not disclosed to defense counsel prior to trial in

11  accordance with Nevada's discovery laws and the prosecutor's obligation to comply with the State's

12  "open file" policy.  (B) Petitioner was also denied his right to effective assistance of counsel because

13  of counsel's failure to properly research the admissibility of this letter and to present to the district

14  court the appropriate reason why it should be excluded as evidence."

15      The trial court, on post-conviction review, found "[t]he prosecution disclosed the

16  letter as soon as practicable after receiving it," "there was no *Brady* violation," and there was "no

17  other legal basis to exclude the letter." (Findings of Fact, Conclusions of Law and Order, at Exhibit

18  155, at p. 23).  The Nevada Supreme Court, in affirming the decision of the trial court, found that

19  "[Shirannah] Rice had given the letter to the prosecutor that morning, the prosecutor did not read it

20  until lunch hour, and then he provided it to the defense."  (Exhibit 160, at p. 29).  The district court

21  granted the defense a continuance of the cross-examination of Shirannah Rice until the next day.

22  (*Id.,* at pp. 29-30).

23      The record indicates that the trial court met in chambers with counsel to discuss how

24  to handle the Rice letter.  (Exhibit 69, at pp. 588-589).  The trial court then put on the record the

25  factual circumstances relating to the prosecutor's disclosure of the Rice letter to defense counsel.

26  (*Id.*).  Under such circumstances, no purpose would be served by a post-conviction evidentiary

1   hearing into the issue, as requested by petitioner.  Petitioner was given a continuance for the specific

2   purpose of reviewing the letter.

3          To the extent that petitioner asserts a claim of ineffective assistance of appellate

4   counsel for failing to assert the instant claim on direct appeal, petitioner cannot show any prejudice

5   by his appellate counsel's alleged failure.

6           Moreover, the factual findings of the Nevada state courts are presumed correct.  28

7   U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme

8   Court's decision was contrary to, or involved an unreasonable application of, clearly established

9   federal law, as determined by the United States Supreme Court, or that it was based on an

10  unreasonable determination of the facts in light of the evidence presented in the state court

11  proceeding.  The Court will deny habeas relief with respect to Ground Twenty-one.

12         **Ground Twenty-two**

13         Petitioner alleges that his "conviction is invalid under the federal and state

14  constitutional guarantees of due process, equal protection, a fair trial, and his right to be free from

15  cruel and usual punishment, his right to effective assistance of counsel, and his right to call witnesses

16  on his behalf because defense counsel failed to call expert witnesses to assist them at trial."

17         The trial court, on post-conviction review, found Evans " . . .ha[d] not established that

18  if the [expert] testimony were presented, a different result [was] reasonably probable and therefore

19  "ha[d] not met the standard to establish ineffective assistance of counsel."  (Exhibit 155, at p. 23).

20  The Nevada Supreme Court, in affirming the decision of the trial court, found "Evans fail[ed] to

21  allege specifically what these experts could have done to make a different result reasonably

22  probable."  (Exhibit 160, at p. 41).  In the instant petition, Evans has still failed to provide specificity

23  as to how such experts would have testified and how such testimony would have changed the result

24  of his case.

25         The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

26  2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

1   decision was contrary to, or involved an unreasonable application of, clearly established federal law,

2   as determined by the United States Supreme Court, or that it was based on an unreasonable

3   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

4   will deny habeas relief with respect to Ground Twenty-two.

5          **Ground Twenty-four**

6          Petitioner alleges that his "conviction is invalid under the federal and state

7   constitutional guarantees of due process, equal protection, a fair trial, a fair penalty hearing, and his

8   right to be free from cruel and unusual punishment because (A) the State illegally obtained tapes

9   from a federal wiretap in an unrelated matter, because (B) the State used the illegally obtained tapes

10  to obtain an advantage in this case, and because ( C ) defense counsel failed to learn of this

11  information and (D) failed to challenge the prosecutor's use of this unlawful information.

12         The Nevada Supreme Court, noting that the issues had already been resolved on

13  appeal from the denial of Evans' motion for a new trial, found that the alleged wiretap evidence was

14  not admitted at trial and Evans had failed to show that the prosecution's knowledge of the evidence

15  prejudiced him.  (Exhibit 160, at p. 41).  The factual findings of the Nevada state courts are

16  presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

17  the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

18  clearly established federal law, as determined by the United States Supreme Court, or that it was

19  based on an unreasonable determination of the facts in light of the evidence presented in the state

20  court proceeding.  The Court will deny habeas relief with respect to Ground Twenty-four.

21         **Ground Twenty-five**

22         Petitioner alleges that his "conviction is invalid under the federal and state

23  constitutional guarantees of due process and equal protection due to (A) the substantial and injurious

24  effect of extensive prosecutorial misconduct and overreaching, which distorted the fact finding

25  process and render the trial fundamentally unfair.  (B) Trial counsel were ineffective for failing to

26  object to this prosecutorial misconduct, for failing to request a curative instruction, and for failing to

seek reversal of the judgment of conviction based on the prosecutor's extensive history of prosecutorial misconduct.  ( C ) Appellate counsel was ineffective for failing to address the extensive prosecutorial misconduct on direct appeal."

The Nevada Supreme Court considered petitioner's claims of prosecutorial misconduct and ineffective assistance of counsel and found the claims to be without merit.  (Exhibit 160, at pp. 20-23).  The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to Ground Twenty-five.

**Ground Twenty-six**

Petitioner alleges that his "conviction is invalid under the federal and state constitutional guarantees of due process, equal protection, and trial before an impartial jury because the reasonable doubt instruction given during the trial improperly minimized the State's burden of proof."

The Nevada Supreme Court considered petitioner's claim on direct appeal.  (Exhibit 103, at pp. 17-18).  The Court found that the reasonable doubt instruction mirrored the statutory language of reasonable doubt and found the instruction to be constitutional under federal standards. Issues relating to jury instruction are not cognizable in federal habeas corpus unless they infect the entire trial to establish a violation of due process. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  The Ninth Circuit Court of Appeals has specifically upheld Nevada's reasonable doubt instruction in *Ramirez v. Hatcher*, 136 F.3d 1209, 1210-11 (9th Cir. 1998), *cert. denied* 525 U.S. 967 (1998); *see also U.S. v. Nolasco*, 926 F.2d 869 (9th Cir. 1991) (upholding reasonable doubt definitions, including NRS 175.211).  No due process violation has been established with respect to the reasonable doubt jury instruction in the instant case.

30

1    Moreover, the factual findings of the Nevada state courts are presumed correct.  28

2    U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme

3    Court's decision was contrary to, or involved an unreasonable application of, clearly established

4    federal law, as determined by the United States Supreme Court, or that it was based on an

5    unreasonable determination of the facts in light of the evidence presented in the state court

6    proceeding.  The Court will deny habeas relief with respect to Ground Twenty-six.

7        **Ground Twenty-seven**

8        Petitioner alleges that his "conviction is invalid under the federal and state

9    constitutional guarantees of due process, equal protection, trial before an impartial jury, and a

10   reliable sentence because of the trial court's failure to properly instruct the jury concerning the

11   elements of the capital offense."

12       The Nevada Supreme Court considered petitioner's claim on direct appeal.  (Exhibit

13   103, at pp. 18-19).  The Nevada Supreme Court reaffirmed previous Nevada law in finding that the

14   jury was properly instructed on "premeditation" and the difference between first and second degree

15   murder.  (Exhibit 103, at pp. 18-19).  Issues relating to jury instruction are not cognizable in federal

16   habeas corpus unless they infect the entire trial to establish a violation of due process.  *Estelle v.*

17   *McGuire*, 502 U.S. 62, 72 (1991).  Petitioner has not established that the challenged instruction

18   infected the entire trial so as to deny him of due process.  The definition of second or first degree

19   murder in Nevada is a question of state law.  Alleged errors in the interpretation or application of

20   state laws do not warrant habeas relief.  *Peltier v. Wright*, 15 F.3d 860 (9th Cir. 1994).

21       Moreover, the factual findings of the Nevada state courts are presumed correct.  28

22   U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme

23   Court's decision was contrary to, or involved an unreasonable application of, clearly established

24   federal law, as determined by the United States Supreme Court, or that it was based on an

25   unreasonable determination of the facts in light of the evidence presented in the state court

26   proceeding.  The Court will deny habeas relief with respect to Ground Twenty-seven.

1        **Ground Twenty-nine**

2            Petitioner alleges that his "conviction is invalid under the federal and state

3    constitutional guarantees of due process, equal protection, cruel and unusual punishment, a fair trial,

4    and a fair appeal because the opinion of the Nevada Supreme Court affirming petitioner's judgment

5    of conviction was erroneous on many important issues."

6            First, petitioner contends that his jury was not drawn from a representative cross-

7    section of the community, citing various alleged violations of the Nevada Revised Statutes.  The

8    Nevada Supreme Court found "Evans failed to demonstrate a material departure from the jury

9    selection statutes or the Eighth Judicial District Court rules, and also failed to show that he was

10   prejudiced by the selection procedure." (Exhibit 103, p. 11, n.12).  This claim, which challenges the

11   application of state law, is not cognizable in federal habeas proceedings.  *Engle v. Isaac*, 456 U.S.

12   107, 119 (1982).  The failure to show prejudice resulting from the selection procedure renders any

13   federal issues of fundamental fairness meritless.  The Nevada Supreme Court was not objectively

14   unreasonable in denying petitioner's claim.

15           Second, petitioner challenges the composition of the Petit Jury for under-

16   representation of certain groups.  Petitioner argues that the Nevada Supreme Court's analysis is

17   erroneous because the actual composition of the jury pool had fewer than average number of

18   minorities as compared to the "cross-section of the community."  The Nevada Supreme Court

19   applied federal law as determined by the United States Supreme Court and found that "Evans failed

20   to establish a prima facie violation of the fair-cross section requirement." (Exhibit 103, at pp. 11-

21   13).  The Nevada Supreme Court was not objectively unreasonable in denying petitioner's claim.

22           Third, petitioner asserts that the district court erred in allowing a witness to testify

23   who sat in the courtroom for two days in violation of the trial court's exclusionary order.  Under

24   analysis of Nevada law, the Nevada Supreme Court concluded that the purpose of the exclusionary

25   order was not undermined in the instant case and that Evans was not prejudiced by the trial court's

26   decision to allow the witness to testify.  (Exhibit 103, at pp. 13-15).  The applicability of the

exclusionary rule in Nevada courts is a state law issue not cognizable in federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Given the Nevada Supreme Court's review of the record and finding that "Salley's [the witness'] testimony did not relate to the testimony occurring during the first two days of trial when he was present in violation of the exclusion order" and that "Evans was not prejudiced" render meritless petitioner's argument of fundamental unfairness.

Fourth, petitioner challenged the district court's decision to allow a witness to testify in violation of NRS 174.087. The Nevada Supreme Court found that " . . . the district court did not abuse its discretion in determining that the State had shown good cause for its non-compliance with NRS 174.087." (Exhibit 103, at pp. 15-16). The applicability of NRS 174.087 in Nevada courts is a state law issue not cognizable in federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Moreover, as found by the Nevada Supreme Court, petitioner had sufficient notice of the State's intent to use Salley as he had been "endorsed" as a witness and discovery had been provided indicating that Salley had told police that petitioner had made admissions to him regarding his involvement in the Wardelle Street murders. The Nevada Supreme Court was not objectively unreasonable in denying petitioner's claim.

Fifth, petitioner challenges the "premeditation" and "reasonable doubt" instructions. These issues were discussed earlier in this Order. The instructions were determined by the Nevada Supreme Court to be a proper statement of Nevada law. Petitioner's claim is without merit.

Sixth, petitioner challenges the standard that the district court used in denying a defense motion for judgment of acquittal notwithstanding the jury verdict. The Nevada Supreme Court considered petitioner's challenge pursuant to NRS 175.381(2), and rejected petitioner's "interpretation of the standard to be used by a district court in deciding whether to grant a motion for an acquittal. (Exhibit 103, at pp. 20-21). The Nevada Supreme Court further found that the ". . . trial court used the correct standard in denying Evans' motion for an acquittal notwithstanding the verdict." (*Id.*). This state law question is not cognizable in federal habeas, and this Court will not disturb the decision of the Nevada Supreme Court.

33

1      All sub-parts of Ground Twenty-nine will be denied.  The factual findings of the

2    Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his

3    burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an

4    unreasonable application of, clearly established federal law, as determined by the United States

5    Supreme Court, or that it was based on an unreasonable determination of the facts in light of the

6    evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to

7    Ground Twenty-nine.

8            **Ground Thirty**

9            Petitioner alleges that his "conviction is invalid under the federal and state

10   constitutional guarantees of due process, equal protection, cruel and unusual punishment, a fair trial,

11   and a fair appeal because the order of this court [the Nevada Supreme Court], affirming the order of

12   the district court denying Evans' motion for a new trial."

13           In Nevada Supreme Court, Case No. 29936, petitioner challenged the district court's

14   order denying his motion for a new trial.  (Exhibit 134).  Petitioner asserted three grounds supporting

15   his claim for relief, two of which are presented as Ground Thirty in the instant federal habeas

16   petition.  The Nevada Supreme Court considered petitioner's claim, and citing United States

17   Supreme Court precedent, found that "newly discovered evidence warrants a new trial only if there is

18   a reasonable probability that, had the evidence been disclosed to the defense, the result of the

19   proceeding would have been different."  (Exhibit 136, at pp. 1-2).  Regarding the alleged failure to

20   disclose tape recordings of petitioner's statements, the Nevada Supreme Court found "no duty to

21   disclose" when the evidence is "available to the defendant from other sources."  (Exhibit 136, at p.

22   2).  The Nevada Supreme Court's decision was not objectively unreasonable.  The factual findings of

23   the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet

24   his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an

25   unreasonable application of, clearly established federal law, as determined by the United States

26   Supreme Court, or that it was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to Ground Thirty.

**Ground Thirty-one**

Petitioner alleges that his "right to due process and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth amendments to the United States Constitution were violated by the prosecutor's suppression of exculpatory evidence regarding promises made to a rebuttal witness, Joseph Salley, which were the direct inducement for the witness' participation in the trial."

This claim was denied by the Nevada Supreme Court.  (Exhibit 136).  The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to Ground Thirty-one.

**Ground Thirty-two**

Petitioner alleges that his "right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments was violated by the prosecutor's suppression of exculpatory evidence regarding promises made to rebuttal witness Joseph Salley, which was the inducement for his participation in this trial process."

The Nevada Supreme Court considered this claim and found it to be without merit. (Exhibit 160, at p. 14).  Petitioner has not shown how he was prejudiced by his counsel's alleged failures.   The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court

1  will deny habeas relief with respect to Ground Thirty-Two.

2    **Ground Thirty-three**

3      Petitioner claims that his "right to due process of law and a fair trial as guaranteed by

4  the Fifth and Fourteenth Amendments to the United States Constitution was violated by the

5  prosecutor's failure to disclose tape recorded conversations with Evans that were in the State's

6  possession prior to the testimony of alibi witnesses."

7      As in Ground Thirty, petitioner claims a *Brady* violation by failing to disclose the

8  existence of recorded telephone conversations between himself and two alibi witnesses.  The Nevada

9  Supreme Court denied this claim and found no duty to disclose when the evidence is available to

10  defendant from other sources.  (Exhibit 136, at p. 2). Due process under *Brady* does not require the

11  State to disclose evidence "available to the defendant from other sources, including diligent

12  investigation by the defense."  *Stockton v. Murray*, 41 F.3d 920, 927 (4th Cir. 1994).  Petitioner was

13  certainly aware of his phone conversations that took place.  Since this information was available to

14  petitioner, the State had no duty to disclose it to defense counsel.  Moreover, the factual findings of

15  the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet

16  his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an

17  unreasonable application of, clearly established federal law, as determined by the United States

18  Supreme Court, or that it was based on an unreasonable determination of the facts in light of the

19  evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to

20  Ground Thirty-three.

21    **Grounds Thirty-four and Thirty-five**

22      In both grounds, petitioner asserts all of his previous thirty-three claims as a basis for

23  ineffective assistance of trial counsel and/or as a basis for ineffective assistance of appellate counsel.

24  The Court has addressed the merits of petitioner's ineffective assistance of counsel claims previously

25  in this Order.  In Grounds Thirty-four and Thirty-five, petitioner has provided a list of claims of

26  counsel's failures, without any analysis to support a claim of ineffective assistance.  Federal habeas

1    petitions require more than "notice" pleading – the petition must state facts that point to a real

2    possibility of constitutional error.  *Aubut v. State of Maine*, 431 F.2d 688, 689 (1ˢᵗ Cir. 1970).  The

3    instant claim does not meet this standard.  The Court refers to its previous analysis in this Order

4    concerning petitioner's claims of ineffective assistance of trial and appellate counsel.  The Court will

5    deny habeas relief with respect to Ground Thirty-four and Thirty-five.

6              **Ground Thirty-six**

7              Petitioner alleges that his "conviction is invalid under the federal and state

8    constitutional guarantees of due process, equal protection, the effective assistance of counsel, a fair

9    tribunal and an impartial jury due to (A) the cumulative errors in the admission of evidence and

10   instructions, gross misconduct by state officials and witnesses, and the systematic deprivation of

11   petitioner's right to the effective assistance of trial and appellate counsel.  (B) In addition, petitioner

12   has raised sufficient factual allegations to support a finding of 'actual innocence' in this case."

13             The Nevada Supreme Court found the evidence properly before the jury was such that

14   the incriminating evidence was strong enough that the errors do not undermine confidence in the

15   trial's result.  The Court relied on the testimony of the three witnesses – Shirannah Rice, Tina

16   Jackson, and Salley – who testified of Evans' incriminating admissions about the murders; Adriana's

17   eyewitness testimony of the murders and the identification of one of the killers as "Little Ray" or

18   "Uncle Ray;" Alicia Ventura's testimony that Adriana referred to Evans as "Little Ray" or "Uncle

19   Ray;" and Evans' letter to Shirannah Rice, asking her to change her testimony.  Given this evidence,

20   the Nevada Supreme Court was not objectively unreasonable in denying petitioner's claim of

21   cumulative error.  The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

22   2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

23   decision was contrary to, or involved an unreasonable application of, clearly established federal law,

24   as determined by the United States Supreme Court, or that it was based on an unreasonable

25   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

26   will deny habeas relief with respect to Ground Thirty-six.

1          **Ground Thirty-seven**

2                   Petitioner claims " . . .[t]he [State] District Court deprived Evans of a full and fair

3    post-conviction proceeding by failing to conduct an evidentiary hearing and failing to permit

4    discovery prior to dismissal of his petition, thereby violating Evans' rights under the Sixth and

5    Fourteenth Amendments."

6                   Petitioner has failed to specify what issues he presented that would have benefitted

7    from an evidentiary hearing.  Most of the issues in the instant federal petition were resolved by the

8    Nevada state courts based on review of the trial court record.  Many of petitioner's claims of

9    ineffective assistance of counsel were resolved by findings of lack of prejudice pursuant to

10   *Strickland*, as opposed to trial counsel's conduct, resulting in little need for an evidentiary hearing.

11   The state court did not err in refusing to calendar an evidentiary hearing, nor was the Nevada

12   Supreme Court objectively unreasonable in affirming, in part, the district court's findings.  Petitioner

13   has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to,

14   or involved an unreasonable application of, clearly established federal law, as determined by the

15   United States Supreme Court, or that it was based on an unreasonable determination of the facts in

16   light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with

17   respect to Ground Thirty-seven.

18   **IV.    Certificate of Appealability**

19                  In order to proceed with his appeal, petitioner must receive a certificate of

20   appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

21   F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

22   2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

23   right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

24   U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

25   district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

26   U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

1  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

2  or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

3        This Court has considered the issues raised by petitioner, with respect to whether they

4  satisfy the standard for issuance of a certificate of appealability, and determines that none meet that

5  standard.  The Court will therefore deny petitioner a certificate of appealability.

6  **V.    Conclusion**

7        **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is

8  **DENIED IN ITS ENTIRETY.**

9        **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

10  **ACCORDINGLY.**

11        **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

12  **APPEALABILITY.**

13

14        Dated this ___17th___ day of March, 2008.

15                       Edward C. Reed.
                     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26